# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DORAINE ADAMS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-996-TCM |
| ) | |
| PENSKE LOGISTICS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Doraine Adams, Sr. for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In addition, the Court will grant plaintiff's motion for leave to file an amended complaint [Doc. #6]. For the reasons set forth below, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Amended Complaint**

Plaintiff alleges that Penske Logistics retaliated against him for filing workers' compensation claims in the State of Missouri. As this Court previously noted in *Adams v. Penske Logistics*, No. 4:13-CV-1267-TCM (E.D. Mo.)(concerning plaintiff's Title VII and ADEA claims)(Doc. #39, p. 9), plaintiff may have a state-law

2

cause of action relative to his retaliation claims.[1] The claims do not, however, afford plaintiff Federal Court jurisdiction in the instant action, and the Court finds no other basis for subject matter jurisdiction at this time. For these reasons, this action will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the Court lacks subject matter jurisdiction in this case. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED** as moot.

---

[1] Missouri Workers' Compensation Law provides, in relevant part:
> No employer or agent shall discharge or in any way discriminate against any employee for exercising his rights under this chapter [287]. Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

Mo. Rev. Stat. § 287.780.

3

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of June, 2013.

/s/ Jean C. Hamilton
UNITED  STATES  DISTRICT  JUDGE